UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE MARGARET-ANN HORNER,<br><br>　　　Plaintiff,<br><br>v.<br><br>STATE OF MICHIGAN et al.,<br><br>　　　Defendants. | Case No. 25-11062<br>Honorable Laurie J. Michelson |

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2] AND DISMISSING COMPLAINT [1]**

On April 14, 2025, Stephanie Margaret-Ann Horner filed this *pro se* suit against Michigan employee Laura Francour and "the State of Michigan (CPS)," i.e., Children's Protective Services, alleging "evidence tampering and falsifying records" in violation of 18 U.S.C. § 1519. (ECF No. 1, PageID.4–5.) Along with her complaint, Horner filed an application to proceed without prepaying filing fees and costs. (ECF No. 2.) For the reasons below, the Court grants Horner leave to proceed *in forma pauperis* and summarily dismisses her complaint pursuant to 28 U.S.C. § 1915(a)(1).

**I.**

As an initial matter, the Court grants Horner's application to proceed without prepayment of the filing fee. (ECF No. 2.) Horner alleges that she earns Social Security Disability Insurance and has no assets or other sources of income, so the Court finds that she has made the required showing of indigence under 28 U.S.C. § 1915(a)(1).

In turn, the Court has an additional responsibility under 28 U.S.C. § 1915: it must screen Horner's complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And while a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)).

Pursuant to this screening, Horner's complaint must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Horner purports to sue Defendants for violating 18 U.S.C. § 1519, the federal criminal statute prohibiting destruction, alteration, or falsification of records in federal investigations, by destroying records in her CPS file. But only the United States Attorney can initiate criminal charges in federal court. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c). In addition, criminal statutes do not generally confer a private cause

of action in a civil case, *see Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994), and Section 1519 does not create an exception to the general rule, *see, e.g.*, *Peavey v. Holder*, 657 F.Sup.2d 180, 190–91 (D.D.C. 2009) (explaining that "to date, no circuit or Supreme Court opinion has held that § 1519 creates a private right of action" and dismissing claim), *aff'd*, No. 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010) (per curiam); *Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 301 n.1 (E.D.N.Y. 2014) ("The Court notes that there is no private right of action under 18 U.S.C. Section 1519."); *Moore v. Scott*, No. 24-2210, 2024 WL 4529268, at *4 (D. Md. Oct. 18, 2024) (explaining that § 1519 does not provide a private cause of action and screening and dismissing plaintiff's claim); *Gomez v. Dep't of Homeland Sec.*, No. 24-03517, 2025 WL 522016, at *2 (D.D.C. Feb. 16, 2025) (collecting cases); *see also Dionne v. Del Toro*, No. 23-02531, 2024 WL 4138771, at *2 (W.D. Tenn. July 11, 2024) (recommending dismissal of § 1519 claim because the statute "do[es] not contain any private right of action that may give rise to an action here"), *report and recommendation adopted*, No. 23-02531, 2024 WL 3757167 (W.D. Tenn. Aug. 12, 2024) (agreeing that plaintiff "cannot, *as a matter of law*, bring suit" under § 1519 and adopting recommendation to dismiss claim); *Hopson v. Aguair Law Off.*, No. 12-769, 2013 U.S. Dist. LEXIS 56372, at *2 (W.D. Ky. Apr. 19, 2013) ("Obstruction of justice is a federal crime. The federal obstruction of justice statutes, 18 U.S.C. §§ 1501 *et seq.*, do not provide for a private cause of action or civil remedies.").

Accordingly, Horner's claim under 18 U.S.C. § 1519, and thus her complaint, must be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

## II.

For the reasons above, the Court GRANTS Horner's application for leave to proceed *in forma pauperis* (ECF No. 2) but DISMISSES Horner's complaint (ECF No. 1).

SO ORDERED.

Dated: April 24, 2025

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE